NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 06-CV-402-JMH

SUSAN H. GRANT,                                                PETITIONER,

VS:                    **MEMORANDUM OPINION AND ORDER**

INTERNAL REVENUE SERVICE,                                      RESPONDENT.

**\* \* \* \* \***

On December 6, 2006, Susan H. Grant ("Grant") filed this petition to quash a summons issued by respondent Internal Revenue Service ("I.R.S.") upon J.P. Morgan Chase Bank ("Chase Bank") for certain financial records.  The I.R.S. responded to the petition with a motion to dismiss [Record No. 3], which has now been fully briefed and is ready for decision.

**BACKGROUND**

Petitioner Grant and Michael Levin, who is not a party to this action, were married on December 30, 1988.  On the eve of their wedding, on December 29, 1988, the couple executed a pre-nuptial agreement in which each party disclaimed any interest in the separate pre-marital property of the other.  Grant alleges that her residence in Arizona (the "Grant residence") is her only separate property.

The I.R.S. subsequently assessed tax liabilities against Levin for tax years 1985, 1986, and 1988 in the total amount of $1,151,745. Because the I.R.S. believed that Levin was dissipating his income to support the expenses of both himself and his spouse before it could be levied upon to satisfy his extant tax obligations, the I.R.S. began an investigation of the couple's assets to facilitate the collection of that debt. Accordingly, on June 12, 2006, the I.R.S. served a summons upon J.P. Morgan Chase Bank in Lexington, Kentucky seeking documents related to a home equity loan on the Grant residence. The I.R.S. issued a second summons on July 17, 2006 seeking the bank's records regarding bank accounts held solely in Grant's name.

On June 29, 2006, shortly after the I.R.S. issued its first summons, Grant filed an action in the federal district court in Arizona to quash the June 12 summons. On August 1, 2006, Grant filed a separate motion to quash the I.R.S.'s July 17, 2006 summons. The Arizona district court considered both motions to quash after briefing by the parties, and by order dated November 28, 2006, denied both motions to quash. Specifically, the Court held that Grant failed to properly serve her petition upon the United States in accordance with Rule 4(i) because she failed to serve the United States Attorney for the district in which the action was brought and upon the Attorney General of the United States. The Court further held that Grant's use of her husband's income to pay their living expenses provided Levin with a legal

2

interest in Grant's financial records. Grant was therefore not entitled to notice of the summons, thus depriving her of standing to petition to quash it. The Court declined to address the I.R.S.'s argument that Grant failed to state a claim under the Right to Financial Privacy Act.

On December 6, 2006, Grant simultaneously filed a motion for reconsideration in the Arizona court and filed her present petition in this Court raising substantially identical arguments previously presented and adjudicated in the Arizona proceedings. On January 16, 2007, the Arizona court entered an order denying her motion. *Grant v. Internal Revenue Service*, 06-79, District of Arizona (Record Nos. 1, 6, 9 therein).

## DISCUSSION

In its motion to dismiss, the I.R.S. asserts that the petition should be denied because Grant again failed to serve the United States as required by Federal Rule of Civil Procedure 4(i), thus depriving the Court of personal jurisdiction, and because Grant still lacks standing to sue for the relief she requests, thus depriving the Court of subject matter jurisdiction. The Court will address these arguments in turn.

1. <u>Lack of proper service</u>.

Although Grant has named the I.R.S. as the respondent in this proceeding, the proper respondent to a motion to quash under 26 U.S.C. § 7609 is the United States. Federal Rule of Civil Procedure 4(i) requires the United States to be served by serving

3

a copy of the summons and complaint upon (1) the United States Attorney for the district where the case is pending; (2) the United States Attorney General; and (3) the agency whose order or action is being challenged. Fed. R. Civ. P. 4(i)(1)(A-C).

In her petition, Grant certifies that she sent a copy of her petition to the United States Attorney General by certified mail. In her memorandum in response to the I.R.S.'s motion to dismiss, she also includes a copy of an affidavit of service from a process server in Arizona which states:

> On 12/12/06 I received the PETITION TO QUASH SUMMONS; PRENUPTIAL AGREEMENT; EXHIBIT A-B; ADDENDUM TO PRENUPTIAL AGREEMENT; DECLARATION OF SUSAN H. GRANT; CERTIFICATE OF SERVICE; ORDER from Michael Levin and by in each instance I personally served a copy of each document listed above upon: ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL on 12/12/06 at 4:00pm at 950 Pennsylvania Avenue, Washington, DC 20530 [by certified mail] ...

Grant includes no further documentation regarding service of the petition. She does assert nonspecifically that she served the United States Attorney for the Eastern District of Kentucky, and that the petition was served upon an office of the I.R.S. in Arizona "by hand delivery."

In response, the I.R.S. correctly notes that the affidavit of service does not indicate that a summons was included in those documents which were served upon the Attorney General, as is required by Rule 4(c)(1), (i)(1)(B). Further, the affidavit of service does not evidence service of process by registered or certified mail upon either the United States Attorney for the

4

Eastern District of Kentucky as required by Rule 4(i)(1)(A) or upon the Internal Revenue Service as required by Rule 4(i)(1)(C).

Even construing this record in a manner favorable to Grant, she has indicated that she served the I.R.S. by serving a regional office in Arizona "by hand delivery," which is not an acceptable method of service under Rule 4(i)(1)(C). It further does not appear that Grant obtained or served a summons upon any of the three parties required to be served under Rule 4(i). Where a petitioner fails to effect proper service, the court lacks personal jurisdiction over the defendant, and the action must be dismissed. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

    2.   <u>Standing to sue</u>.

Apart from this procedural shortcoming, the I.R.S. attacks Grant's petition on the merits. The I.R.S. may issue a subpoena to the taxpayer or a third party to compel that party to testify and/or produce records in order to assist the I.R.S. in the determination, assessment or collection of outstanding tax liabilities. 26 U.S.C. § 7602(a). When it issues such a subpoena, the I.R.S. must give notice to the party whose records are sought unless some exception applies. 26 U.S.C. § 7609(a), (c). A person

5

whose records are sought may file a petition in court to quash that summons, but only if that person is entitled to notice of the subpoena under Section 7609(a). 26 U.S.C. § 7609(b)(2).

In the Arizona proceedings, the I.R.S. successfully asserted that it was entitled to serve the subpoena seeking Grant's financial records without giving her notice because the circumstances fit within an exception to the notice requirement of Section 7609(a). Specifically, where the taxpayer has a recognizable legal interest in the records of the person whose records are the subject of the subpoena, notice to the record owner is not required. *Cranford v. United States*, 359 F. Supp. 2d 981, 987 (E.D. Cal. 2005). The Arizona court agreed that the couple's prenuptial agreement was not dispositive, and their integrated financial dealings were sufficient to invest taxpayer Levin with a legally-recognizable interest in Grant's financial records. Accordingly, Grant was not entitled to notice of the subpoena pursuant to 26 U.S.C. § 7609(a)(1). Grant did not appeal that decision, and the doctrine of issue preclusion prevents her from attempting to reach a different result before this Court. *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 981-81 (6th Cir. 2000).

3. Exemption for collection activities

The I.R.S. also argues for the first time that, even if Grant were otherwise entitled to notice under Section 7609, it issued the subpoena "in aid of collection of ...an assessment made or judgment rendered against the person with respect to whose liability the

6

summons is issued," and hence was entirely exempted from the notice requirement under 26 U.S.C. § 7609(c)(2)(D)(i). When engaged in such collection activities, the I.R.S. "need not provide notice of a summons issued in aid of collection, [and therefore] no person has the right to move to quash such a summons." *Bancsci v. Pennington*, 812 F. Supp. 759, 760 (N.D.Ohio 1992).

Grant has made no argument in response, and the record supports the I.R.S.'s position that it was engaged in such activities when it issued the subpoenas. Because such subpoenas are exempt from Section 7609's notice requirements, Grant was not entitled to notice of the subpoena under Section 7609(a). *Barmes v. United States*, 199 F.3d 386, 388-90 (7th Cir. 1999) (where I.R.S. attempts to collect a tax liability by serving a third-party summons regarding someone other than the taxpayer named in the assessment, it need not notify the account holder so long as the summons is issued in aid of the collection of assessment). Therefore, Grant's petition does not fall within the limited waiver of the United States' sovereign immunity set forth in 26 U.S.C. § 7609(b)(2)(A), and the Court lacks subject matter jurisdiction to entertain her petition.

    4.   <u>Right to Financial Privacy Act</u>

Grant places primary reliance upon the notice provisions of the RFPA. The pertinent provision of that act permits a government agency to obtain financial records of an individual if relevant to a legitimate law enforcement inquiry and only after notice has been

7

given to the individual whose records are sought. 12 U.S.C. § 3402(2).

However, the RFPA specifically excepts I.R.S. subpoenas from its requirements: "[n]othing in this chapter prohibits the disclosure of financial records in accordance with the procedures authorized by Title 26." 12 U.S.C. § 3413(c). The RFPA's notice requirements therefore simply do not apply to I.R.S. subpoenas. *Lidas, Inc. v. United States*, 238 F.3d 1076, 1083 (9th Cir. 2001); *Wheeler v. United States*, 459 F. Supp. 2d 399, 406 n.3 (W.D.Pa. 2006). More fundamentally, even if the RFPA's notice requirements did apply to I.R.S. subpoenas, Grant would still lack standing under Section 7609(b)(2) because that section only confers standing upon those who are entitled to notice under 7609(a), not the RFPA or other applicable law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED,**

(1) Petitioner Grant's petition to quash summons is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 27th day of July, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge